**In re the PEOPLE of the State of Colorado, Plaintiff**

**v.**

**Craig Dumene WILLIAMSON, Defendant.**

**No. 10SA325.**

Supreme Court of Colorado,
En Banc.

April 11, 2011.

Carol Chambers, District Attorney, Eighteenth Judicial District, David C. Jones, Senior Deputy District Attorney, Centennial, Colorado, for Plaintiff.

Douglas K. Wilson, Public Defender, Jessica Schmidt, Deputy Public Defender, Dana Menzel, Deputy Public Defender, Centennial, Colorado, for Defendant.

Justice RICE delivered the Opinion of the Court.

In this opinion, we hold that evidence of past acts of solicitation of prostitution, even when no sexual contact or intercourse occurred, is "sexual conduct" and thus protected under Colorado's Rape Shield Statute, section 18–3–407, C.R.S. (2010). We therefore make this rule absolute and remand for a hearing pursuant to section 18–3–407(2)(c).

## I. Facts and Proceedings Below

The defendant, Craig Williamson, was charged with second degree kidnapping and sexual assault. Williamson claims that the victim consented to have sex with him in exchange for money but concedes that he never paid the victim.

Williamson made a motion to introduce evidence that the victim had been arrested on five separate occasions for soliciting prostitution from an undercover police officer. None of the incidents involved sexual contact or sexual intercourse.

The district court found that the evidence of the victim's past arrests for solicitation of prostitution was not protected under section 18–3–407 and was relevant and material under CRE 404(b).[1] Accordingly, it held that the evidence was admissible. The People petitioned this Court and we issued a rule to show cause as to whether the evidence of the victim's past solicitation of prostitution is admissible.

## II. Analysis

### A. Colorado's Rape Shield Law, Section 18–3–407

Section 18–3–407 creates a presumption that evidence of a victim's prior or subsequent "sexual conduct" is irrelevant and thus inadmissible. There are two explicit exceptions to this presumption: (1) evidence of the victim's prior or subsequent "sexual conduct" with the defendant; and (2) evidence of specific instances of sexual activity showing the source of semen, pregnancy, disease, or any similar evidence of sexual intercourse offered for the purpose of showing that the acts charged were not committed by the defendant. § 18–3–407(1)(a), (b). In addition to the two explicit exceptions, a proponent of such evidence can overcome the presumption of irrelevance and inadmissibility if, after following specified procedures, the trial court finds that the evidence of prior or subsequent "sexual conduct" is relevant to a material issue in the case. § 18–3–407(2).

### 1. "Sexual Conduct"

The trial court did not determine whether solicitation of prostitution was or was not "sexual conduct." Instead, it held that the determination of whether solicitation of prostitution is protected under section 18–3–407 depends on whether a defendant alleges a defense premised on consensual sex based upon prostitution. Accordingly, it found that

---

1. Because Williamson did not provide factual information relating to one of the prior arrests, the trial court did not rule on the admissibility of that arrest.

under the circumstances of this particular case, such evidence was not protected under section 18–3–407. We disagree with the trial court's ruling and hold that, based on the language and structure of section 18–3–407 as well as our prior precedent, solicitation of prostitution, even when no sexual contact or intercourse occurs, is "sexual conduct" and protected under the Rape Shield Statute.

 We review questions of statutory interpretation de novo. *Klinger v. Adams Cnty. Sch. Dist. No. 50*, 130 P.3d 1027, 1031 (Colo.2006). Our primary task it to give effect to the intent of the General Assembly. *Id.* In so doing, we read the statutory scheme as a whole, giving consistent, harmonious, and sensible effect to all of its parts. *People v. Luther*, 58 P.3d 1013, 1015 (Colo. 2002). We read words and phrases in context and construe them literally according to common usage unless they have acquired a technical meaning by legislative definition. *Klinger*, 130 P.3d at 1031.

The language and structure of section 18–3–407, as well as other relevant sections of the criminal code relating to unlawful sexual behavior, envision the term "sexual conduct" to encompass a broad range of behaviors related, but not limited, to sexual contact and intercourse. The General Assembly used the term "sexual conduct" to describe the type of behavior that falls under section 18–3–407's general rule of irrelevance and inadmissibility. Conversely, it chose to use more narrow and specific terms when it carved out exceptions to that general rule. Specifically, subsection (1)(b) creates an exception for "[e]vidence of specific instances of *sexual activity* showing the source or origin of semen, pregnancy, disease, or any similar evidence of *sexual intercourse* offered for the purpose of showing that the act or acts charged were or were not committed by the defendant." § 18–3–407(1)(b) (emphasis added). Based on this structure, "sexual conduct" necessarily includes more than "sexual activity" or "sexual intercourse."

Likewise, related statutes use and define more specific terms than "sexual conduct." Section 18–3–401, C.R.S. (2010), defines narrower terms such as "sexual contact," "sexual intrusion," and "sexual penetration" for use in that part of the criminal code. The General Assembly's use and definition of these narrower terms further leads us to conclude that it intended the term "sexual conduct" to encompass a broader range of behaviors than those that it defined in section 18–3–401.

Therefore, based on the language and structure of section 18–3–407 and the General Assembly's use of the term "sexual conduct" rather than the more specific terms that it defined in related statutes, we conclude that "sexual conduct" includes a broader range of behaviors than "sexual activity," "sexual intercourse," "sexual contact," "sexual intrusion," or "sexual penetration."

This Court's precedent also supports this interpretation of the term "sexual conduct." In the most relevant case, *People v. Murphy*, this Court held that, because evidence of sexual orientation was closely related to evidence of past sexual conduct, it was protected under section 18–3–407. 919 P.2d 191, 195 (Colo.1996); *see also People v. Aldrich*, 849 P.2d 821, 824 (Colo.App.1992) (evidence of a prior sexual assault was "sexual conduct" and thus protected under section 18–3–407).

Although we endorse a broad interpretation of the term "sexual conduct," this interpretation is tempered by our holding in *People v. Cobb* that evidence that merely creates an inference of prior solicitation of prostitution is not necessarily "sexual conduct" protected by section 18–3–407. 962 P.2d 944, 951 (Colo.1998). As in this case, in *Cobb*, the defendant was arrested for sexual assault but claimed that he and the victim had engaged in a consensual act of prostitution. *Id.* at 946–48. The victim claimed that she was sexually assaulted when, after running out of gas, she attempted to hitchhike to a friend's house. *Id.* at 947. The defendant sought to introduce evidence that the victim had been found with another man sitting in a parked car in a similar location less than ten days before the alleged assault. *Id.* at 948. When questioned by the police during the prior incident, the victim stated that she had run out of gas. *Id.* This Court held that this evidence was not protected by section 18–3–407 because it was being used to prove that the victim was familiar with the neighborhood and to cast doubt on the fact that

she had run out of gas on the day of the alleged assault. *Id.* at 951. In so holding, this Court cautioned that "evidence does not become inadmissible under ... the rape shield statute simply because it might indirectly cause the finder of fact to make an inference concerning the victim's prior sexual conduct." *Id.*

In the instant case, evidence of solicitation of prostitution, even when there was no sexual contact or intercourse, is general sexual behavior that is highly related to "sexual conduct." Solicitation of prostitution involves an agreement to engage in some type of sexual contact or intercourse. *See* § 18–7–201(1), C.R.S. (2010); Aurora Colo. Code of Ordinances § 94–216(c) (2010). Unlike in *Cobb,* this evidence creates more than an indirect inference concerning the victim's prior "sexual conduct." Instead, in this context, the connection between the agreement to engage in sexual contact or intercourse and "sexual conduct" is so strong that we see no justified reason to differentiate between them.

■ Therefore, based on the structure of the statute and Colorado case law, we hold that solicitation of prostitution from an undercover police officer is "sexual conduct" and protected under section 18–3–407.

### 2. Procedures to Determine Admissibility

■ Because we hold that solicitation of prostitution is "sexual conduct" protected by the Rape Shield Statute, the trial court should have followed the procedures specified in section 18–3–407(2) to determine if the evidence could be admitted. Specifically, section 18–3–407(2)(a) requires the proponent of the presumptively inadmissible evidence to make an offer of proof at least thirty days before trial. If the trial court finds the offer of proof to be sufficient, the trial court must conduct a pretrial evidentiary hearing in camera. § 18–3–407(2)(c). At the conclusion of the hearing, the trial court must determine if the evidence is relevant to a material issue to the case. § 18–3–407(2)(e). If so, the evidence will be admissible and the trial court may prescribe the nature of the evidence or questions to be permitted. *Id.*

In this case, although Williamson made an offer of proof, because the trial court held that section 18–3–407 did not apply, it did not hold an evidentiary hearing. Therefore, we remand to the trial court to hold an evidentiary hearing and to determine whether the evidence is relevant to a material issue to the case as required by section 18–3–407(2).

### B. CRE 404(b)

■ Because the trial court found that the evidence of the victim's previous solicitation of prostitution was not protected by the Rape Shield Statute, it analyzed the admissibility of the evidence under CRE 404(b) and found that the evidence was admissible. Section 18–3–407 is a specialized application of CRE 404(b), *Cobb,* 962 P.2d at 950, and it is unnecessary to perform a separate 404(b) analysis here because the relevance determination under section 18–3–407 necessarily includes all relevance considerations. *See People v. Melillo,* 25 P.3d 769, 773–74 (Colo.2001) (recognizing that section 18–3–407(2) always requires the proponent of the evidence to show that it is relevant to a material issue in the case). Therefore, based on our holding today that solicitation of prostitution is protected by section 18–3–407, we need not reach the issue of whether the trial court abused its discretion in its 404(b) analysis.

### III. Conclusion

We hold that solicitation of prostitution from an undercover police officer is "sexual conduct" protected by section 18–3–407. Therefore, the court should have conducted a hearing pursuant to section 18–3–407(2) to determine if the evidence was admissible. Further, because we hold that evidence of solicitation of prostitution is "sexual conduct" protected under the Rape Shield Statute, it was unnecessary for the trial court to perform a separate 404(b) analysis. Accordingly, we make this rule absolute and remand to the trial court to conduct a hearing and make findings pursuant to section 18–3–407(2).